UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL COLLADO,

Petitioner,

Case No. 2:26-cv-2257-KCD-NPM

v.

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_________________________________/

**ORDER**

Petitioner Rafael Collado filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 7.) Respondents oppose the petition. (Doc. 8.)

Collado has been in immigration custody for over a year. This is Collado's third petition. The prior two cases were dismissed for lack of cooperation with removal to Mexico. *See* Case No. 2:26-cv-1795-KCD-NPM; Case No. 2:26-cv-2108-KCD-NPM. The Government tells the Court that just this week, he has been processed for third-country nomination to Rwanda, and once Collado complies with the necessary requirements, he can be

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

removed. (Doc. 9-1.) The Government states that removal has been hampered by Collado's non-compliance. (*Id.*)

Under 8 U.S.C. § 1231(a)(1)(C), the removal clock stops ticking if an alien refuses to cooperate in obtaining travel documents. It also tolls if the alien "conspires or acts to prevent [his] removal." *Id.* Common sense (and the Eleventh Circuit) tells us that a person cannot actively thwart his own deportation and then use the resulting delay to demand his freedom. Whether by stubbornly withholding a signature on a required form or by affirmatively taking steps to sabotage the government's efforts, an alien who engineers his own prolonged detention cannot turn around and complain about it. The law does not reward that kind of gamesmanship. *See Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

That is precisely the game Collado is playing here. He claims his detention violates the Fifth Amendment, yet his refusal to cooperate with ICE is the very roadblock keeping him in custody.[2] If he signs the paperwork and gets off the bus, his removal is reasonably foreseeable; if he does not, the

[2] The Immigration and Nationality Act does not leave an individual without recourse if he objects to his designated destination. The statute provides a framework for contesting removal to a specific third country. *See* 8 U.S.C. § 1231(b). But nowhere in his petition does Collado allege—let alone offer evidence to show—that he has formally challenged his proposed removal to Mexico or anywhere else. Instead, he has apparently dug in his heels and refused to physically depart the United States. Because it seems he bypassed the proper legal channels for contesting his destination, the Court accepts he is legally subject to third-country removal.

delay is entirely of his own making. Because Collado is apparently responsible for stalling his own departure, the presumptively reasonable period for his detention is tolled. Plus, he has been nominated for removal to Rwanda, so the Government is working towards his removal.

Consequently, the habeas petition is **DENIED WITHOUT PREJUDICE** to Collado refiling a new petition should his current detention be unimpeded and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on August 11, 2026.

Kyle C. Dudek
United States District Judge